# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 13-49315 |
| | ) | |
| LLC 1 07CH12487, | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | Chapter 7 |
| | | Hearing Date: 10\|11\|2017 |
| | | at 10:30 a.m. |

## NOTICE OF MOTION

Bruce de'Medici, as counsel for N. Neville Reid, not individually but solely as trustee for LLC 1 07CH12487, has filed his FINAL APPLICATION OF COUNSEL FOR TRUSTEE FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND COSTS with the United States Bankruptcy Court. The Trustee has scheduled the **hearing** on the application for **October 11**, **2017**, at **10:30 a.m.** in **Courtroom 744**, **United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604**.

                                                          /s/ Bruce de'Medici

Bruce de'Medici (ARDC #6184818)
834 Forest Avenue
Oak Park | Illinois 60302
Tel: 312.731.6778

# CERTIFICATE OF SERVICE

I, Bruce de'Medici, an attorney who is licensed to practice law in the State of Illinois, certify that on the 30th day of September, 2017, I served the attached NOTICE OF MOTION and FINAL APPLICATION OF COUNSEL FOR TRUSTEE FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND COSTS upon Registrants in this case through the Court's Electronic Notice for Registrants, as set forth below.

/s/ Bruce de'Medici

**Registrants served through the Court's Electronic Notice for Registrants**

| | |
|---|---|
| Office of the United States trustee<br>jeffrey.snell@usdoj.gov | N. Neville Reid<br>Fox, Swibel, Levin & Carroll, LLP<br>nreid@fslc.com |
| B. Lane Hasler<br>B. Lane Hasler, P.C.<br>lanehasler@blhpc.com | Tom Makedonski<br>Law Office of Tom Makedonski<br>info@teamlegalchicago.com |
| Mallory Milluzzi<br>Klein, Thorpe, & Jenkins, Ltd.<br>mamilluzzi@ktjlaw.com | Adil S. Mohammed<br>ASM Law, P.C.<br>adil@asmlawpc.com |
| John H. Redfield<br>Crane, Heyman, Simon, Welch & Clar<br>jredfield@craneheyman.com | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | No. 13-49315 |
| | ) | |
| LLC 1 07CH12487, | ) | Hon. Timothy A. Barnes |
| | ) | Chapter 7 |
| Debtor. | ) | Hearing Date: 10\|11\|2017 |
| | | at 10:30 a.m. |

**FINAL APPLICATION OF COUNSEL
FOR TRUSTEE FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND COSTS**

Bruce de'Medici (the "Applicant"), for services rendered to N. Neville Reid, in his capacity as trustee of the estate of LLC 1 07CH12487, respectfully submits this final application for: (i) allowance and payment of compensation of $40,755 and reimbursement of costs of $194.66 pursuant to sections 330(a) and 503(b) of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.*, (ii) authorization to the Trustee to remit payment of $37,000 and $194.66 in satisfaction of those allowances, and (iii) final allowance of the prior interim award of $35,422.50 for interim compensation, and states in support as follows:

**I
STATEMENT IN SUPPORT OF
APPLICATION OF BRUCE DE'MEDICI FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

A.   US TRUSTEE GUIDELINES AND 28 C.F.R. PART 58, APPENDIX A.

**Case Background**

(i)   <u>Case and applicant information</u>:

| NAME OF APPLICANT | Bruce de'Medici |
|---|---|
| PETITION DATE | 12/31/13 |
| DATE OF ORDER APPROVING EMPLOYMENT | 7/22/15 |
| NAME OF CLIENT | N. Neville Reid/trustee |
| SEEKING COMPENSATION | Pursuant to 11 U.S.C. §§330(a) and 503(b) |

(ii)    Terms/conditions of employment

The estate employed the Applicant at his hourly rate and pursuant to 11 U.S.C. §327(a). The application before the Court does not include any time for which the Court entered an award or the estate remitted payment. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising him that he would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §§330(a) and 503(b) out of funds of the estate. The Applicant's request is not subject to any budgets, caps, or limitations on fees or costs.

(iii)   Summary of timekeepers:

| NAME | ADMISSION IL | FEES BILLED | HOURS BILLED | HOURLY RATE |
| --- | --- | --- | --- | --- |
| Bruce de'Medici | 1983 in IL | $40,755 | 83 | $475/$500 |

The Applicant's hourly rate is based upon customary compensation charged by comparably skilled practitioners in bankruptcy cases. Bruce de'Medici is the timekeeper for each entry in the attached billings.

(iv)    Application information:

This is a final application. Prior applications and dates of orders appear below:

| DATES OF ORDERS | FEES REQUESTED | FEES ALLOWED | FEES PAID |
| --- | --- | --- | --- |
| 6/28/2016 | $35,422.50 | $35,422.50 | $35,422.50 |

(v)     Client review and approval

The Trustee has been given the opportunity to review this application and approve the amount of compensation requested herein.

3

**Case Status:**

| MONEYS RECEIVED | $94,081.29 as of March 31, 2017 |
|---|---|
| MONEYS DISBURSED | $36,788.32 as of March 31, 2017 |
| EXPECTED CLOSING DATE | Fall 2017 |
| CASH ON DEPOSIT | $57,292.97 as of March 31, 2017 |
| ACCRUED ADMINISTRATIVE EXPENSES | Trustee compensation, Accountant's compensation, and Applicant's fees requested herein |
| UNENCUMBERED FUNDS IN THE ESTATE | The funds on deposit are unencumbered |

B.   PROJECT SUMMARY

1.   The services underlying this Application primarily concern: (i) advising the Trustee on a possible sale of the interest of the estate in the realty commonly known as 415 West Roosevelt, Maywood, and 2120-2124 South 5th Avenue, Maywood, to a party that expressed an interest in buying; (ii) preparing an objection to Kirk Etter's claim; (iii) advising the Trustee as to the Debtor's initial motion to dismiss, preparing a response to that motion, and communicating with the Office of the United States Trustee with respect to that motion; (iv) coordinating with the Trustee's accountant on the documents that she required to prepare final tax returns and obtaining documents from the Debtor for the Trustee's accountant to utilize for the returns; (v) communicating with counsel for the Debtor and counsel for Mr. Etter regarding pending issues in the case and reviewing pleadings that they filed on behalf of their respective clients; (vi) preparing and prosecuting the Trustee's motion for contempt; and (vii) responding to the Debtor's motion to dismiss and for abstention.  The Applicant has financed the estate through his services and has done so to protect the interests of the estate.  The Applicant has not billed for all of the communications in which he has engaged with the Trustee and parties in interest concerning this case or for all of the time that he has devoted to researching and analyzing issues that arose in this case.

4

2.  In compliance with the applicable standards for the preparation of fee applications, the Applicant set forth the time that he devoted to the foregoing, a narrative of the matters that are involved, and the benefit and results for the estate. Additionally, the Applicant included herein detailed time records in chronological order for each category of service.

3.  The Applicant's services have been productive and necessary for the Trustee's obligation to recover and administer assets of the estate, and in providing them the Applicant has provided a service to the Trustee and the estate. These services have been beneficial to the estate and the Applicant is entitled to be compensated for them. The Applicant submits that his billing is reasonable for the services involved and the comparable billing of other professionals at his level.

## Employment of Professionals

4.  The Applicant seeks allowance and payment for .7 hours in performing services under this category, at a value of $332.50. A copy of the entries for these services is included within Exhibit "i".

5.  Pursuant to 11 U.S.C. §§346 and 505, and applicable law, the Trustee was required to make and file tax returns of income required under federal, state, and local law. Accordingly, the Trustee engaged an accountant to comply with this obligation. At the Trustee's direction, the Applicant prepared the appropriate application for the Trustee to be authorized to engage the accountant and appeared before this Court in support of that application. This Court entered its order granting the application and authorizing the Trustee to engage the accountant. The Applicant's services on this were necessary for the Trustee to comply with his obligations under the Bankruptcy Code and were beneficial to the estate.

<u>Liquidation of Assets</u>

6. The Applicant seeks allowance and payment for 76.3 hours in performing services under this category, at a value of $37,535. A copy of the entries for these services is included within Exhibit "ii".

7. As noted above, the Applicant provided services to the Trustee relative to: (i) a possible sale of the interest of the estate in realty; (ii) an objection to Mr. Etter's claim; (iii) the Debtor's initial motion to dismiss; (iv) coordinating with the Trustee's accountant on the documents that she required for final tax returns and obtaining documents from the Debtor; (v) communicating with counsel for the Debtor and counsel for Mr. Etter and reviewing pleadings that they filed; (vi) the Trustee's motion for contempt; and (vii) the Debtor's motion to dismiss and for abstention. All of these services were necessary for the Trustee to administer the estate in this case and to address issues that the Debtor and Mr. Etter placed before this Court.

<u>Claims</u>

8. The Applicant seeks allowance and payment for 4.5 hours in performing services under this category, at a value of $2,137.50. A copy of the entries for these services is included within Exhibit "iii".

9. One creditor filed a pre-petition claim: Mr. Etter. Prior to when Mr. Etter filed his claim, the Applicant analyzed the claim (and documents that Mr. Etter's counsel provided relative to asserting the existence of the claim) to respond to Mr. Etter's motion for turnover. After Mr. Etter filed his claim, and in part to respond to the Debtor's position on the claim relative to the Debtor's motion to dismiss this case, the Applicant analyzed documents that the Debtor provided in support of its position that the Trustee should object to the claim and prepared an objection to the claim.

10. The dynamics of objecting to the claim changed once the Trustee was informed that Debtor and Mr. Etter had reached an agreement concerning issues underlying their dispute. Once Mr. Etter communicated to the Trustee that he preferred pursuing recovery on his claim outside of this Court, the Trustee's position changed accordingly and the Trustee instructed the Applicant to withdraw his objection to Mr. Etter's claim. Accordingly, the Applicant filed the withdrawal of the claim objection.

11. The Applicant performed these services to represent the Trustee in discharging his duty to reconcile claims. The Applicant's services were necessary for the Trustee to be able to administer this estate; the apparent misunderstanding or breakdown in the discussions between the Debtor and Mr. Etter on resolving their issues does not impact that the Applicant provided services in this category for the benefit of the Trustee and the estate and did so according to information from parties in interest.

## Preparation of Fee Application

12. The Applicant is billing 1.5 hours in performing services under this category, at a value of $750. The Applicant is entitled to be compensated for these services. A copy of the entries for these services is included within Exhibit "iv".

13. In preparing this application, Bruce de'Medici complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983), *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987) and *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987), Local Rule 5082-1, and the guidelines of the Office of the United States Trustee. The Applicant is entitled to be compensated for preparing the application, in accordance with *In re Alberto*, 121 B.R. 531 (Bankr. N.D. Ill. 1990) and *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

# II
# STANDARDS FOR ALLOWANCE OF COMPENSATION

A.    STANDARDS FOR DETERMINING ALLOWANCE

14.    In relevant part, section 330 of the Bankruptcy Code provides as follows:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 —

(A) reasonable compensation for actual, necessary services rendered by . . . such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1).

15.    Pursuant to 11 U.S.C. §330, professionals applying for fees must demonstrate that their services were actual, necessary, and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016.

16.    To be compensable, services that professionals render to an estate must be reasonable and the Court has a duty to examine the reasonableness of the fees that a professional requests. *In re McNichols*, 258 B.R. 892, 904 (Bankr. N.D. Ill. 2001) (Squires, J.) (citing *In re Wyslak*, 94 B.R. 540 (N.D. Ill. 1988) and *In re Chicago Lutheran Hosp.*, 89 B.R 719, 734-35 (Bankr. N.D. Ill 1988)). In bankruptcy, the Bankruptcy Court is the fact-finder and it determines the reasonableness of the fees and expenses in question. *In re Kenneth Leventhal*, 19 F.3d 1174, 1178 (7th Cir. 1994). The professional requesting the fees bears the burden of proof. *McNichols*, 258 B.R. at 904 (citing generally, *inter alia*, to *Leventhal*, 19 F.3d at 1177 (where the Court noted that the accounting firm applying for compensation "had the burden to prove that it was

8

entitled to the fees and expenses identified in its application"). In assessing the reasonableness of attorneys' fees under 11 U.S.C. §330 in *McNichols*, Judge Squires considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*McNichols*, 258 B.R. at 904-05.

17. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

*In re Boston and Maine Corporation*, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted). The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. *See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Lit.)*, 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to

9

stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."); see also *In re UNR Indus., Inc.,* 986 F.2d 207, 209 (7th Cir. 1993) (noting that Congress intended that compensation to professionals in bankruptcy cases would "be commensurate with the fees awarded for comparable services in non-bankruptcy cases."). Similarly, as Judge Squires reasoned, the Court should view "the attorney/client relationship as one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).  These factors should be applied to this application.

B.    APPLICATION OF RELEVANT CRITERIA AND STANDARDS

18.    In applying the criteria set forth above to this request for compensation, the Court should consider the effort required and expended by the Applicant, the reasonableness of the services rendered, the commensurability of the Applicant's billing rate to the rates charged in the local market, and the results achieved.  All of the services performed by the Applicant were required for the proper representation of the Trustee in this case, authorized by the Court, and performed by the Applicant at the request and direction of the Trustee.  Pursuant to 11 U.S.C. §331 and the generally applicable criteria of the time, nature, extent, and value of the services performed, all of the Applicant's services are compensable.  The Applicant's efforts in this case focus precluded the Applicant from taking on any other matters with pending or imminent deadlines.

19.    Further, the amount of services rendered by the Applicant to achieve the results obtained for the benefit of the estate was reasonable in light of the complexity of the issues involved in this case.  The experience and expertise in bankruptcy cases and the quality of the

10

services brought to this case by the Applicant further supports the requested compensation. The Applicant charges an hourly rate that is comparable to the market for lawyers with his experience. Furthermore, the rates at which the Applicant seeks compensation are his standard hourly rates. The Applicant's hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of the Applicant in this case.

### III
### WRITE-DOWN

20.  The Applicant is not seeking payment for all of his billing to this matter. The Applicant has billed an aggregate of $40,755 and is seeking allowance of that amount. However, the Applicant is seeking payment of $37,000. The Applicant is not obligated to adjust the payment on his award; he has done so as an accommodation to the estate.

### IV
### COSTS

21.  The Applicant incurred costs in connection with rendering the services described above, for postage of $74.54 and copying of $120.12 (paid to FedEx). The aggregate costs are $194.66. The Applicant has attached copies of receipts for postage within Exhibit "v".

# V
## STATEMENT PURSUANT TO 11 U.S.C. §504
## AND FED. R. BANKR. P. 2016(a)

22.    Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person, firm, or entity any award of fees which that he may receive for having represented the Trustee in this case.  Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm or entity receives in connection with representing the Trustee in this case.

# VI
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici, as counsel for the trustee for LLC 1 07CH12487, prays that pursuant to 11 U.S.C. §§330(a) and 503(b) this Court allow to Bruce de'Medici final compensation in the amount of $40,755 and reimbursement of costs of $194.66, authorize the Trustee to remit payment of $37,000 in compensation and $194.66 in costs in satisfaction of the allowances, approve the prior interim compensation of $35,422.50 on a final basis, and grant such further relief as is just.

Respectfully Submitted,
Bruce de'Medici

By___/s/ Bruce de'Medici

Bruce de'Medici        #6184818
834 Forest Avenue
Oak Park | Illinois 60302
Tel: 312.731.6778

## Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| Professionals | .7 |
| Liquidation of Assets | 76.3 |
| Claims | 4.5 |
| Fee Application | 1.5 |
| **TOTAL** | **83** |

| CATEGORY | FEES |
|---|---|
| Professionals | 332.50 |
| Liquidation of Assets | 37,535 |
| Claims | 2,137.50 |
| Fee Application | 750 |
| **TOTAL** | **40,755** |