# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 13-49315 |
| LLC 1 07CH12487, | ) | Hon. Timothy A. Barnes |
| Debtor | ) | Chapter 7 |
| | | Hearing Date: 7/19/2023 |
| | | at 9:00 a.m. |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on July 19, 2023, at 9:00 a.m. I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, **either** in courtroom 744 of the United States Bankruptcy Court, Northern Division, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the motion of N. Neville Reid, not individually but as the trustee for the estate of LLC 1 07CH12487 for authority to sell realty – Lots 5 & 6 of Stannard's Second Addition to the Village of Maywood and shorten notice, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

                                            N. Neville Reid, not individually but as the
                                            trustee for the estate of LLC 1 07CH12487

                                            By:  /s/ Bruce de'Medici

Bruce de'Medici
de'Medici Law
318 West Adams Street
Suite 1600
Chicago, Illinois 60606
Tel: 312.731.6778
Email: bdemedici@bdemlaw.com

## CERTIFICATE OF SERVICE

I, Bruce de'Medici, an attorney who is licensed to practice law in the State of Illinois, certify that on the 5th day of July, 2023, I served a copy of the foregoing NOTICE OF MOTION and attached TRUSTEE'S MOTION FOR AUTHORITY TO SELL INTEREST OF ESTATE IN REALTY AND SHORTEN NOTICE upon Registrants in this proceeding through this Court's Electronic Notice for Registrants and upon Jaroslaw Kurzac and Cook County, through its President, Treasurer, and State's Attorney, through First Class mail, as listed below.

/s/ Bruce de'Medici

**Registrants served through the Court's Electronic Notice for Registrants**

| Office of the United States trustee<br>jeffrey.snell@usdoj.gov | N. Neville Reid<br>Fox, Swibel, Levin & Carroll, LLP<br>nreid@fslc.com |
|---|---|
| B. Lane Hasler<br>B. Lane Hasler, P.C.<br>lanehasler@blhpc.com | Adam B. Goodman<br>Goodman Tovrov Hardy & Johnson LLC<br>adam@thegoodmanlawoffices.com |
| Mallory Milluzzi<br>Klein, Thorpe, & Jenkins, Ltd.<br>mamilluzzi@ktjlaw.com | Shu-Yu Lin<br>Goodman Tovrov Hardy & Johnson LLC<br>shuyulin@goodtov.com |
| Christopher J. Stroebel<br>Stroebel Law, LLC<br>christopher.stroebel@stroeblaw.com | Ryan J. Waite<br>The Waite Law Firm<br>ryan@waitelaw.net |

**Service through First Class mail**

| Jaroslaw Kurzac<br>647 Academy Drive<br>Northbrook, Illinois 60602 | Toni Preckwinkle<br>County Board President<br>118 N. Clark St.<br>Room 537<br>Chicago, IL 60602 |
|---|---|
| Kimberly M. Foxx<br>Cook County State's Attorney<br>69 W. Washington<br>Suite 3200<br>Chicago, IL 60602-3174 | Maria Pappas<br>Cook County Treasurer's Office<br>118 North Clark Street<br>Room 112<br>Chicago, IL 60602 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | No. 13-49315 |
| | ) | |
| LLC 1 07CH12487, | ) | Hon. Timothy A. Barnes |
| Debtor | ) | Chapter 7 |
| | | Hearing Date: 7/19/2023 |
| | | at 9:00 a.m. |

**TRUSTEE'S MOTION FOR AUTHORITY TO**
**SELL INTEREST OF ESTATE IN REALTY**
**AND TO SHORTEN NOTICE**

N. Neville Reid, not individually but as the trustee for the estate of LLC 1 07CH12487, through undersigned counsel, submits this motion for authority under 11 U.S.C. §§363(b)(1) to sell the interests of the bankruptcy estate in Lots 5 and 6 of Stannard's Second Addition to Maywood to the Village of Maywood or its designee, and states in support as follows.

**Introduction**

As set forth below, the Trustee has received an offer from the Village of Maywood to purchase the interests of the bankruptcy estate in realty commonly known as 315 West Roosevelt Avenue, Maywood, Illinois (and defined below as Stannard's Lots 5 and 6) in exchange for $360,000 and with no contingency for obtaining financing or sale of real estate, with Maywood taking title subject to any tax that is defined in Section 1-145 of the Illinois Property Tax Code, 35 ILCS 200/1-1, *et seq*. ("Property Tax") that has been accrued, billed, or imposed upon the Realty for any year and any Property Tax upon the Realty characterized or listed by Cook County as delinquent and to a Memorandum of Judgment in its favor for $100.  Maywood will also take title to Stannard's Lots 5 and 6 "as is, where is".

This is the highest and best offer that the Trustee has received for Stannard's Lots 5 and 6 and the Trustee seeks authority from this Court to accept Maywood's offer and sell the interests of the estate therein pursuant to 11 U.S.C. §§363(b)(1) and the contract that is attached hereto as Exhibit "i".

**Jurisdiction and Venue**

1.   Pursuant to 28 U.S.C. §1334, the District Court possesses original jurisdiction over this case.  Pursuant to 28 U.S.C. §157 and Procedure 15 of the Internal Operating Procedures of the District Court for the Northern District of Illinois, this case is properly referred to the Bankruptcy Court.  Pursuant to 28 U.S.C. §157(b)(2)(A), (N), and (O), this motion concerns a core proceeding.  Pursuant to 28 U.S.C. §1408, venue is proper for this case in the Bankruptcy Court for the Northern District of Illinois.

**Background**

2.   The Debtor commenced this case on December 31, 2013, by filing its petition for voluntary relief under chapter 7 of the Bankruptcy Code.  The Court appointed N. Neville Reid as the trustee.

3.   When the Debtor filed its petition to commence this case, it owned realty that it received through a judicial deed, which conveyed (among other parcels) property legally described therein as follows: Lot 5 in Block 13, in Stannard's Second Addition to Maywood, a subdivision of the South Half of the East Half of the Southwest Quarter of Section 14, Township 39 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois **and** Lot 6 in Block 13 in Stannard's Second Addition to Maywood in Section 14, Township 39 North, Range 12 East of the Third Principal Meridian, in Cook County, Illinois (hereafter, the realty described in this paragraph will be referred to as "Stannard's Lots 5 and 6").

### The Proposed Sale

4. Again, the Trustee has received an offer from Maywood to purchase the interests of the bankruptcy estate in Stannard's Lots 5 and 6 in exchange for $360,000. To facilitate this, Maywood has passed an ordinance authorizing the purchase. (Exhibit "ii").

5. As set forth more fully in the offer, Maywood will purchase Stannard's Lots 5 and 6 "as is, where is", with the Trustee providing no guaranties, representations, or warranties and subject to (i) any Property Tax that has been accrued, billed, or imposed upon the Realty for any year and any Property Tax upon the Realty characterized or listed by Cook County as delinquent and (ii) the Memorandum of Judgment recorded on Stannard's Lots 5 and 6 on February 5, 2014, as Document No. 1403648001 for judgment rendered on December 20, 2013, in the Village of Maywood Department of Administrative Hearings in favor of Maywood against LLC1 [sic] in the amount of $100. The Trustee has signed the offer subject to this Court's approval of his signing and the proposed sale. By this motion, the Trustee is seeking authority from this Court pursuant to 11 U.S.C. §§363(b)(1) as to the prospective sale.

6. The Trustee listed Stannard's Lots 5 and 6 with Andy Gagliardo, with the approval of this Court. The offer from Maywood is the highest and best offer that the Trustee received. The Trustee received other offers, but two of the prospective buyers withdrew their interest and an offer from another party was to buy Stannard's Lots 5 and 6 *free and clear* of Property Taxes (so that the bankruptcy estate and Cook County would have to allocate net sale proceeds between them for payment on Property Taxes and for the bankruptcy estate). By contrast, Maywood has offered to take Stannard's Lots 5 and 6 *subject to* Property Taxes (and relieve the bankruptcy estate from the responsibility for paying them). Information available online indicates that delinquent property taxes upon Stannard's Lots 5 and 6 exceed $1,300,000.

3

Thus, based upon the response of the market to date, the Trustee submits the proposed offer as the highest and best offer for the estate.

7. The Trustee also proposes to pay costs of sale at the closing - including any water bills, transfer taxes, title expenses, recording fees, and a commission to Mr. Gagliardo - and hold the remaining proceeds subject to further order of this Court. Based upon a preliminary title search by the title company, the Trustee believes that no valid liens as defined in 11 U.S.C. §§101(36) or (37) will appear in title other than for unpaid Property Taxes and the $100 award to Maywood (that Maywood will accept at closing). The Trustee and counsel will thereafter seek this Court's allowance of compensation and expenses, and payment, out of net proceeds of sale.

## Standards for sales under 11 U.S.C. §363

8. Trustees are authorized to sell property of the estate after notice and hearing. 11 U.S.C. §363(b)(1). The Court should approve a sale after proper notice "as long as the trustee has an 'articulated business justification.'" *In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill., 2012), citing *Fulton State Bank v. Schipper (In re Schipper),* 933 F.2d 513, 515 (7th Cir.1991). A trustee has "the burden of demonstrating a sound business justification". *Eforra*, at 488. (citing to *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir.1983)). The "transaction must 'make [ ] good business sense' and 'the creditor as a whole should benefit.'" *Eforra* at 489 (citing *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994)). Approval of a sale is within a court's discretion. *Eforra*, at 489 (citing to *Corporate Assets, Inc. v. Paloian,* 368 F.3d 761, 767 (7th Cir.2004)); *In re Irvin,* 950 F.2d 1318, 1320 (7th Cir.1991). This Court may authorize a trustee to accept substitute offers that provide better value for the estate. *Paloian,* 368 F.3d at 772; *In re Sunland, Inc.*, 507 B.R. 753, 758-759 (Bankr. D. N.M. 2014) (citing *Paloian*, 368 F.3d 767).

4

**Request for Relief**

9. The Trustee believes that in accordance with the foregoing, it is in the best interests of the estate that he be authorized to sell the interest of the estate in Stannard's Lots 5 and 6 according to the offer submitted by Maywood. Thus, the Trustee requests that this Court authorize him to accept Maywood's offer and consummate a sale in accordance with it. The Trustee also requests that this Court order that the sale order is not stayed pursuant to Fed. R. Bankr. 6004(h).

**Notice and No Stay**

10. The Trustee provided notice of this motion to the persons who receive notice through the Court's CM/ECF system, and to Jaroslaw Kurzac through First Class mail at the address that he provided to this Court and Cook County (through mailing to the State's Attorney, President, and Treasurer). The Trustee is requesting that pursuant to Fed. R. Bankr. P. 9006(c)(1) this Court shorten the notice of the hearing on this motion to the 14 days that the Trustee provided. The Trustee submits that parties do not require a full twenty-one days notice in order to assess whether the offer is in their best interests and that accordingly he has provided parties in interest with proper notice of this motion. Prior to filing this motion, the Trustee forwarded the contract to counsel for Mr. Etter; Mr. Etter is the sole party to file a proof of claim in this case and his counsel has actively participated in this case.

WHEREFORE, N. Neville Reid, not individually but as the trustee for the estate of LLC 1 07CH12487, prays that pursuant to 11 U.S.C. §§363(b)(1) and Fed. R. Bankr. P. 9006(c)(1) this Court: (i) shorten notice of the hearing on this motion to the fourteen days that the Trustee provided, (ii) authorize him to sell interests of the bankruptcy estate in Lots 5 and 6 of Stannard's Second Addition to the Village of Maywood or its designee, according to the offer and with the

5

conditions listed in this motion, "as is, where is", with the Trustee providing no guaranties, representations, or warranties and subject to any Property Tax that has been accrued, billed, or imposed upon the Realty for any year and any Property Tax upon the Realty characterized or listed by Cook County as delinquent and the Memorandum of Judgment recorded on Stannard's Lots 5 and 6 on February 5, 2014, as Document No. 1403648001 for judgment rendered on December 20, 2013, in the Village of Maywood Department of Administrative Hearings in favor of Maywood against LLC1 [sic] in the amount of $100; (iii) authorize him to utilize gross proceeds to pay costs of sale, including water bills, transfer taxes, title expenses, recording fees, and a broker's commission and his costs to Andy Gagliardo, (iv) authorize him to hold the remaining proceeds subject to further order of this Court, (v) provide that the sale order is not stayed pursuant to Fed. R. Bankr. 6004(h); and (vi) grant such further relief as is just.

> Respectfully N. Neville Reid,
> not individually but as the trustee
> for the estate of LLC 1 07CH12487
>
> By:     /s/ Bruce de'Medici
>          One of his attorneys

Bruce de'Medici
de'Medici Law
318 West Adams Street
Suite 1600
Chicago, Illinois 60606
Tel: 312.731.6778
Email: bdemedici@bdemlaw.com

6