UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 13bk49315 |
| | ) | |
| LLC 1 07CH12487, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO FOX SWIBEL LEVIN & CARROLL, LLP, SPECIAL COUNSEL FOR THE
DEBTOR, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 6,937.00 | TOTAL COSTS REQUESTED: | $ 0.00 |
| TOTAL FEES REDUCED: | $ 4,374.30 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 2,562.70 | TOTAL COSTS ALLOWED: | $ 0.00 |

TOTAL FEES AND COSTS ALLOWED: $ 2,562.70

This matter coming on to be heard on the second and final application of Fox Swibel Levin & Carroll, LLP (the "Firm"), special counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of the Debtor; the Firm previously filed its first application for compensation of fees in the amount of $27,371 and expenses in the amount of $205.80 [Dkt. No. 413] (the "First Fee Application") on November 17, 2023; the court previously allowing an administrative claim for compensation of fees and expenses in the amount of $27,576.80 to be paid to the Firm [Dkt. No. 419]; and the Firm now seeking final allowance of an administrative claim for compensation of fees and expenses in the amount of $6,937.50 [Dkt. No. 429] (The "Final Fee Application" and together with the First Fee Application, the "Fee Applications");

IT IS HEREBY ORDERED THAT:

1. The Final Fee Application is granted, as set forth herein.

2. The Firm is hereby allowed an administrative claim for compensation in the amount of $2,562.69 (the "Final Compensation").

3. The Trustee is hereby authorized to pay the entire Final Compensation to the Firm.

4. The court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

5.  The attached time and expense entries have been highlighted to reflect disallowance in whole or in part.  The basis for each disallowance is reflected by an alphabetical notation that appears on the left of each highlighted entry.  The alphabetical notation corresponds to the paragraph below.

(A)     <u>Unreasonable Time – TOTAL of disallowed amounts: $ 4,374.31</u>

The Court denies the allowance in part of compensation for the indicated task(s) since the professional or paraprofessional expended an unreasonable amount of time on the task(s) in light of the nature of the task(s), the experience and knowledge of the professional performing the task(s), and the amount of time previously expended by the professional or another on the task(s).  *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency.  Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case.  *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (Squires, J.) (compensation limited to 5%); *see also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in nonbankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).  However, for applications for compensation that request total fees of $10,000.00 or less, this Court will allow compensation for the time devoted to the preparation of the fee application itself in the following manner:  For the first $5,000.00 of total compensation requested, this Court will limit time devoted to preparation of the fee application to 10% of total compensation requested and will allow 5% of additional total compensation requested for time devoted to preparation of the fee application.

After reviewing the Fee Applications, the Firm's compensation for preparation of its fee applications is beyond 5% and will be limited.  The Firm's total hours of work for the case was 79.40 hours and the total hours related to the preparation of the Fee Applications was 15.40 hours.  The requested compensation for the Firm's preparation of the Fee Applications therefore amounts to 19% of the total hours of the main case.  Because compensation for the preparation of fee applications is limited to 5% of the hours of the main case, only a total of 3.97 hours can be compensated for the preparation of the Fee Applications.  The total requested compensation from the Fee Applications is $34,513.80.  A 5% limit of the total compensation results in a maximum allowed compensation amount of $1,725.70 for the preparation of the Fee Applications after rounding the dollar amount to the nearest tenth.

The Firm requested compensation in a total amount of $6,100 for the preparation of the Fee Applications—$1,787.50 for the First Fee Application and $4,312.50 for the Final Fee Application.  Based on the Firm's own representation in the Final Fee Application, the full amount of the First Fee Application has been paid.  Therefore, the Firm has not been previously limited for the time it devoted to the preparation of the Fee Applications.

3

To ensure there is a total limit of 5% on compensation for preparation of fee applications and not more nor less, the Firm's Final Fee Application is reduced by $4,374.30 so that it is only compensated a total of $1,725.70 for the preparation of the Fee Applications, or 5% of the hours of the main case.

ENTERED:

Dated: September 2, 2025

_____

Timothy A. Barnes, Judge
United States Bankruptcy Court